**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: **Caesar Baldomir Dagdagan, II**
**Cathrina Cendana Dagdagan**

Case No. **09-42442 LT**

**AMENDED CHAPTER 13 PLAN**

Debtor(s).

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ **405.22** each month for **60** months.
   Debtor(s) elect a voluntary wage order. **X**.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre-confirmation Adequate Protection | Post confirmation Payments | Estimated Mortgage Arrears | Interest Rate (If Specified) |
|------|----------|------|---------------------|--------------|--------------------------------------|----------------------------|----------------------------|------------------------------|
| ☐ | ☒ | **Patelco Credit Union** | | **16,898.00** | **0.00** | | | **0.00** |
| ☒ | ☐ | **Downey Savings** | **265,000.00** | | **0.00** | | **2,183.00** | **0.00** |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. § 1322(a)(4).
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid **Pro Tanto** %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment |
|------|-----------------|
| **Countrywide- New Mexico 2nd** | 64 |
| **Countrywide Bank- New Mexico 1st** | 641 |
| **Downey Savings- Principal Residence** | 2184 |

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):

   **Patelco Credit Union: Debtors will pay claim in full with contract rate of interest.**

   **The second deed of trust in favor of Wells Fargo Bank ("Junior Lender") attaching to real property located at 497 Elmhurst Street, Hayward, CA 94544 (" real property") will be avoided through a separate motion. For purposes of such motion the real property is valued at $265,000 and failure of Junior Lender to object will be deemed acceptance of this valuation for purposes of such a motion. Confirmation shall authorize a motion as the proper procedure to seek avoidance of such deed of trust. For claims allowance purposes, Junior Lender's claim on the real property related to the second deed of trust shall be valued at $zero and any claim filed shall be allowed only on an unsecured basis.**

   **The Debtors are surrendering the real property located 2978 Lobo Avenue, Merced, CA 95348 and the secured lien held by Downey Savings, 3501 Jamboree, Newport Beach, CA 92660.**

Dated: **July 10, 2009**

**/s/ Caesar Baldomir Dagdagan, II**
(Debtor)

**/s/ Cathrina Cendana Dagdagan**
(Debtor)

N.D. Cal., Oakland Division Model Chapter 13 Plan
Rev. 10/17/2005

Page 1 of 2

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Case: 09-42442   Doc# 17   Filed: 07/10/09   Entered: 07/10/09 17:48:51   Page 1 of 2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

In re: **Caesar Baldomir Dagdagan, II**
**Cathrina Cendana Dagdagan**

Case No.

**CHAPTER 13 PLAN - Continuation Sheet**

Debtor(s).

I/We __**Joan Grimes**__ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., Oakland Division Model Chapter 13 Plan (October 2005), promulgated pursuant to B.L.R. 1007-1.

**/s/ Joan Grimes**
Attorney for Debtor(s)